PEOPLE, Respondent, v. DOE No. 9365 et al., Appellants.

No. 1856; December 4, 1869.

**Writ of Assistance—Presumption.**—A Judgment upon a Writ of Assistance awarding to the purchaser, at a sale for delinquent taxes, so much of the lot as the sheriff ought to have deeded when erroneously deeding the whole, will be, in the absence of specific findings, presumed to have been supported by necessary facts.

APPEAL from Sixth Judicial District, Sacramento County.

H. Starr for respondent; Cantwell & Dunlap for Brown.

CROCKETT, J.—It appears from the record that the taxes were delinquent on lot No. 4, in the block between I and J, Twelfth and Thirteenth streets in the city of Sacramento; that an action for the collection of the taxes was commenced in the name of the people, against the lot and the unknown owners thereof, who were sued by the fictitious names of John Doe and Richard Roe; that a copy of the summons was posted and a notice published by the district attorney of the pendency of the action; that a judgment was rendered against the lot for the taxes and costs; and under an order of sale issued on the judgment, the sheriff sold to one Elliott, not the whole lot, but the west sixty feet thereof, and issued to him a certificate of sale for the sixty feet; that the sheriff, however, in his return upon the order of sale, stated that he had sold the whole lot to Elliott; that there was no redemption, and in due time the sheriff made a deed to Elliott for the entire lot; and, having demanded the possession, which was refused by one Brown who claimed to be in possession, Elliott applied for a writ of assistance to put him in possession of the whole lot. The motion was contested by Brown; but the court granted it as to the sixty feet and refused it as to the remainder of the lot. From this order Brown prosecutes this appeal. On the trial of the motion, the evidence was conflicting as to the possession of Brown. He testified that about two years before the trial, he purchased the lot at a tax sale, and took the tax deed in the name of his wife; that the lot had formerly been inclosed; but the fence was broken down in many places, and after obtaining the tax deed, finding the lot vacant, he took possession of it, repaired the fences and has used it ever since as an inclosure for stock. On the other hand, Harvey, a witness for Elliott, testified that his brother in law had the Sutter title to the lot and left it in charge of the witness in 1861; that after the flood of 1862 the fence was all gone, and the witness then rented the lot to one Baker, who put a substantial fence around it and occupied it for several years, and that since Baker left, the witness has had the possession of it and occupied it; and that he never knew Brown to have possession of it or to have anything to do with it, and he knows that Brown never put up the fence around it, unless he did it in the night-time; that

the same fence is now around it that Baker put there in 1862, and the witness was always in possession by himself or tenant, from 1861 to the present time. There was no other evidence in respect to the possession. The court filed no separate findings of fact; but recites in the judgment that it finds Elliott to be.the owner of the west sixty feet of the lot, by virtue of the sheriff's deed, and awards him a writ of assistance as to that portion. In the absence of any specific findings of fact, we must presume the court found the necessary facts to support the judgment. On the proofs, the court may well have found, and we must therefore presume, in support of the judgment, that it did find that Brown had not, at any time, either the possession of or title to any part of the lot; and therefore had no standing in court. He does not pretend to have had any other than a tax title, which was not produced, that the court might decide upon its validity; and the evidence as to his possession was so conflicting that the court may well have found against him on that point.

Judgment affirmed.

We concur: Rhodes, J.; Sawyer, C. J.; Sanderson, J.; Sprague, J.